IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| KRISTEE RAE LANG,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MENTAL HEALTH CENTER, et. al.,<br><br>　　　　　Defendants. | Cause No. CV 09-00038-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

On August 11, 2009, the Court issued an Order allowing Ms. Lang to file an Amended Complaint. (Court's Doc. No. 8). Ms. Lang filed her Amended Complaint on September 10, 2009. (Court's Doc. No. 9). The Court will now complete the prescreening process pursuant to 28 U.S.C. 1915(e)(2)(B).

I.  STATEMENT OF CASE

　　A.　Parties

Plaintiff Kristee Rae Lang is a pro se litigant residing in Billings, Montana. In her Amended Complaint, Ms. Lang names the Mental

Health Center, the Billings Clinic, St. Vincent's Healthcare, and Mountain Pacific Health as Defendants.

B.  Allegations

As with her original Complaint, the Court cannot determine from the Amended Complaint what Ms. Lang contends each defendant did wrong to violate her federal rights.  Ms. Lang states her right to be secure in her person with her faith and beliefs were hurt or destroyed because of other people's beliefs or demands.  She discusses being kept against her will at Deaconess Psychiatric Hospital and not having her health cared for by St. Vincent's Health Care or at Mountain Pacific Health.  Ultimately she states, "I was being hurt all the time from feeling forced to keep going because the people I called or went to for help didn't want to be responsible or because of their new rules/programs couldn't help me."  (Court's Doc. No. 9, p. 5).

II.  PRESCREENING ANALYSIS

Ms. Lang fails to state a claim upon which relief may be granted for several reasons.  First, the Court cannot discern a federal cause of action in the Amended Complaint.  A federal court only has jurisdiction

over a matter which presents a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.  Ms. Lang has established neither in this case.

Whether or not the named Defendants provided Ms. Lang with the help she felt she needed does not state a cause of action arising under the Constitution, laws or treaties of the United States. See 28 U.S.C. § 1331.  If Ms. Lang has any claim at all, it would have to come under Montana state law.

Similarly, it does not appear Ms. Lang can establish diversity of citizenship because Ms. Lang and the named Defendants all appear to be residents of Montana.

Moreover, Ms. Lang has not alleged that the named Defendants are "person[s] acting under color of state law." West v. Atkins, 487 U.S. 42 (1988).  The Bill of Rights does not prohibit acts of private persons, Public Utilities Comm'n v. Pollak, 343 U.S. 451, 461-62, 72 S. Ct. 813, 96 L. Ed. 1068 (1952), however discriminatory or wrongful.  District of Columbia v. Carter, 409 U.S. 418, 422-23, 93 S. Ct. 602, 34

L. Ed. 2d 613 (1973). The "color of state law" requirement is a condition precedent to stating a § 1983 claim. It arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself. Section 1983 regulates only state and local government conduct, it does not reach purely private conduct.

Finally, Ms. Lang's claims appear to be barred by the applicable statute of limitations. In Montana, the statute of limitations period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).[1] Ms. Lang filed her original Complaint on April 7, 2009. Therefore, she cannot bring any personal injury claims which occurred prior to April 7, 2006. Ms. Lang provides two dates in her Amended Complaint, 1995 and 2005, both prior to the limitations period.

III. CONCLUSION

    A. Leave to Amend

For the reasons set forth above, Ms. Lang's Amended Complaint fails to state a claim upon which relief may be granted. The Court has

---

[1] The applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here).

already allowed Ms. Lang an opportunity to file an amended complaint. Moreover, most of the defects set forth above could not be cured by the allegation of other facts.  As such, Ms. Lang's case should be dismissed.

    B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

    Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Ms. Lang's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

C. Address Changes

At all times during the pendency of this action, Ms. Lang SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

RECOMMENDATION

1. Ms. Lang's Complaint and Amended Complaint should be DISMISSED for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Lang may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of November, 2009.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge